UNITED STATES DISTRICT COURT  
        CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS          Date: June 30, 2022  
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

    Not Present                                           Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]**

    Before the court is Plaintiff Luz H. Guzman's Motion to Remand (the "Motion" or "Mot.") (Dkt. 11). Defendant Ford Motor Co. filed an Opposition ("Opp.") on June 2, 2022. (Dkt. 28.) Plaintiff filed both a Reply ("Reply") and a Request for Judicial Notice ("Req.") on June 9, 2022. (Dkts. 30 & 31.) The court took this matter under submission. (Dkt. 33.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

    **I.**     **Background**

    On June 22, 2018, Plaintiff leased a Ford F-150 vehicle ("Vehicle") manufactured by Ford Motor Co. ("Defendant") from the Ford of Orange dealership. (Dkt. 1-2 ("Compl.") ¶ 9.) Plaintiff alleges that the Vehicle contained numerous defects that "substantially impair[ed] the use, value, or safety of the vehicle." (Compl. ¶ 11.) Plaintiff further alleges she took the Vehicle to authorized repair facilities numerous times; however, Defendant failed to conform the Vehicle to the written, express, and implied warranties after a reasonable number of attempts. (Compl. ¶¶ 9-13, 19, 27.)

    As a result, Plaintiff filed this action in Orange County Superior Court on April 20, 2021, against Defendant and the Ford of Orange dealership. (Mot. at 1.) Plaintiff alleges seven claims related to the Vehicle's defects including five violations of the Song-Beverly Consumer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS                                                                                      Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* ("Song Beverly Act"); fraud by omission; and negligent repair.  (Compl. ¶¶ 9-54.)

On September 7, 2021, Plaintiff voluntarily dismissed the Ford of Orange dealership from this action.[1]  (*See* Dkt. 1 at 3.)  Defendant subsequently removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 on October 6, 2021.  (Dkt. 1 at 3.)  Defendant alleges removal was timely and proper because the dealership's dismissal created complete diversity between Plaintiff—a California resident—and the remaining Defendant—a Delaware corporation with its principal place of business in Dearborn, Michigan.  (*Id.*)  Defendant also alleges that Plaintiff's Complaint established the requisite amount in controversy because Plaintiff seeks *at least* $25,001.00 in damages in addition to statutory civil penalties, consequential and incidental damages, costs of the suit and reasonable attorney's fees, restitution, punitive damages, and pre-judgment interest.  (*Id.* at 4; Compl., Prayer for Relief.)

Plaintiff filed the instant Motion to remand this action to state court, alleging Defendant's Notice of Removal failed to demonstrate the amount in controversy required for diversity jurisdiction by a preponderance of the evidence.  (Mot. at 5.)  Plaintiff also requests that the court take judicial notice of ten cases in support of this Motion.  (Req. at 2-3.)

## II.   Plaintiff's Request for Judicial Notice

The court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "may take judicial notice on its own" or "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).  Courts cannot take judicial notice of facts subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Twombly*, 550 U.S. at 555 n.11 ("Under Federal Rule of Evidence

---

[1]     Plaintiff also dismissed the negligent repair cause of action against the dealership at this time.  (*See* Mot. at 1.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS                                                                  Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted).

   Plaintiff requests that the court take judicial notice of the following ten exhibits, marked as Exhibits A–J, in support of the Motion:

  i. April 28, 2021, remand order in *Savall v. FCA US LLC*, No. 21CV195-JM-KSCx, 2021 WL 1661051 (S.D. Cal. Apr. 28, 2021) (Dkt. 31, Exh. A)
  ii. April 28, 2021, remand order in *Mahlmeister v. FCA US LLC*, No. CV 21-00564-AB (AFMx), 2021 WL 1662578 (C.D. Cal. Apr. 28, 2021) (Dkt. 31, Exh. B)
  iii. June 18, 2020, remand order in *Feichtmann v. FCA US LLC*, No. 5:20-cv-01790-EJD, 2020 WL 3277479 (N.D. Cal. June 18, 2020) (Dkt. 31, Exh. C)
  iv. July 31, 2020, remand order in *Quinones v. FCA US LLC*, No. 2:20-cv-006144-RGK-JPR, 2020 WL 4437482 (C.D. Cal. July 31, 2020) (Dkt. 31, Exh. D)
  v. May 14, 2020, remand order in *Mullin v. FCA US LLC*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081 (C.D. Cal. May 14, 2020) (Dkt. 31, Exh. E)
  vi. July 7, 2020, remand order in *Limon-Gonzalez v. Kia Motors Am., Inc*, No. CV-4381 PA (JPRx), 2020 WL 3790838 (C.D. Cal. July 7, 2020) (Dkt. 31, Exh. F)
  vii. September 29, 2020, remand order in *Bourland v. Ford Motor Company*, No. 5:19-cv-08456-EJD, 2020 WL 5797915 (N.D. Cal. Sept. 29, 2020) (Dkt. 31, Exh. G)
  viii. April 29, 2020, remand order in *Nejad v. FCA US LLC*, No. 2:20-CV-02252-RGK (AGRx), 2020 WL 2079983 (C.D. Cal. Apr. 29, 2020) (Dkt. 31, Exh. H)
  ix. September 27, 2021, remand order in *Gutierrez v. Ford Motor Company*, No. 2:21-cv-05679-MCS-JPR, 2021 WL 4399517 (C.D. Cal. Sept. 27, 2021) (Dkt. 31, Exh. I)
  x. October 5, 2021, remand order in *Leigh v. FCA US LLC*, No. 8:21-cv-00316-JLS-KES, 2021WL 4551864 (C.D. Cal. Oct. 5, 2021) (Dkt. 31, Exh. J)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS   Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

The Ninth Circuit "has recognized public records, including judgments and other court documents, as proper subjects of judicial notice." *Guzetta v. Ford Motor Co.*, 2022 WL 1044173, at *2 (C.D. Cal. Apr. 5, 2022) (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)).  However, when the court takes notice of judicial records, it may only consider "the existence of the opinion, which is not subject to reasonable dispute over its authenticity" rather than "the truth of the facts cited therein".  *Lee*, 250 F.3d at 690 (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-47 (3rd Cir. 1999)).

In this case, the court notes that Exhibits A-J are each court opinions.  Based on the state of the record, as applied to the applicable law, the court **GRANTS** Plaintiff's unopposed, (*see generally* Dkt.,) Request for Judicial Notice of Exhibits A-J as to "the existence of [each] opinion," but not as to "the truth of the facts cited therein." *Lee*, 250 F.3d at 690.

**II.   Plaintiff's Motion to Remand**

   **a. Legal Standard**

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000."  *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. October 31, 2014).  "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."  *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979).  "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS                                              Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

      To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996)). By contrast, if the amount in controversy is unclear from the face of the complaint, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *See Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998 (C.D. Cal. 2021) (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018)); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].").

      When assessing the amount in controversy, "the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). However, "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). When the plaintiff contests the removing defendant's allegations, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson,* 319 F.3d at 1090 (internal quotation marks and citation omitted).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS                                     Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

### III.   Discussion

In this case, the parties agree that complete diversity exists in this case because Plaintiff is a resident of California, (see Compl. ¶ 2,) and Defendant is a Delaware corporation with a principal place of business in Michigan. (Compl. ¶ 4; Opp. ¶ 5.) *See also Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (stating diversity jurisdiction "requires complete diversity of citizenship, meaning that the citizenship of each plaintiff is diverse from the citizenship of each defendant") (citation and internal quotation marks omitted). However, Plaintiff argues that this court lacks subject matter jurisdiction because Defendant has not sufficiently demonstrated that the amount in controversy exceeds $75,000. (*See* Mot. at 6.) The court will first assess Defendant's burden of proof based on the allegations in the Complaint.

#### A.   The Applicable Burden of Proof

Defendant first argues the jurisdictional threshold is presumptively satisfied because Plaintiff's Complaint clearly alleges more than $75,000 in damages on its face. (Opp. at 7.) Specifically, Defendant points to Plaintiff's allegation that she suffered "damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (Opp. at 7 (quoting Compl. ¶ 14).) Defendant construes this $25,001.00 minimum as Plaintiff's actual damages and notes that Plaintiff seeks civil penalties of up to two times these actual damages, or $50,002.00. (Opp. at 7-8). Thus, Defendant argues that the face of the Complaint demonstrates an amount in controversy of at least $75,003.00 ($25,001.00 + $50,002.00) from actual damages and civil penalties alone. (*Id.*) Plaintiff counters that the requested $25,001.00 in damages in the Complaint refers to Plaintiff's total damages, encompassing actual damages, civil penalties, punitive damages, and attorney's fees. (Mot. at 6; Reply at 1.)

The court finds that the Complaint does not clearly demonstrate that the amount in controversy exceeds $75,000.00. Plaintiff's claim for "damages . . . in an amount that is not less than $25,001.00" could plausibly refer to total damages *or* actual damages. *See, e.g.*, *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. Mar. 2, 2020) (finding a complaint with identical language did not clearly establish the amount in controversy); *Edwards*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS                          Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

*v. Ford Motor Co.*, 2016 WL 6583585, at *3 (C.D. Cal. Nov. 4, 2016) (similarly finding the complaint was unclear based on identical phrasing). Because the amount in controversy is unclear, the court finds Defendant must establish the jurisdictional threshold by a preponderance of the evidence. *See Guglielmino*, 506 F.3d at 699.

       **B.**         **Preponderance of the Evidence Test**

     Defendant presents two arguments to discharge its burden of establishing the amount in controversy by a preponderance of the evidence. First, Defendant broadly relies on the same argument analyzed above to demonstrate Plaintiff's damages "more likely than not" exceed $75,000. The court finds this calculation too speculative to establish the jurisdictional threshold by a preponderance of the evidence. *See Limon-Gonzalez v. Kia Motors Am., Inc.*, 2020 WL 3790838, at * 2 (C.D. Cal. July 7, 2020) (collecting cases); *Steeg v. Ford Motor Co.*, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) ("Plaintiffs specify a monetary amount only once, when they allege that 'Plaintiffs suffered damages . . . in an amount not less than $ 25,001.00.' . . . The Court finds that this allegation is ambiguous and thus insufficient to meet Defendants' burden to establish removal.").

     Second, Defendant presents evidence as to Plaintiff's actual damages, civil penalties, and attorney's fees to estimate that the amount in controversy equals at least $115,501.76. (Opp. at 4.) Defendant further alleges that the amount in controversy could include an additional $200,000 in punitive damages. (*Id.*) Defendant calculates these damages by adding: $21,833.92 in restitution based on the Vehicle's Lease Contract; $43,667.84 in statutory civil penalties, and approximately $50,000 in attorney's fees. (*Id.* at 16-18.) The court addresses each of these calculations below.

                           **1. Actual Damages**

     Defendant calculates Plaintiff's amount payable by looking to the "entire contract price" of the Lease Agreement, or $26,885.00. (Opp. at 11; *id.*, Exhs. 1, 2.) Defendant then reduces this amount by several sums, including a rebate, a non-cash credit, and an unspecified "potential amount due at the end of the lease." (*Id.*) This reduction allegedly excludes any impermissible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS								Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

costs so the final sum—$23,184.00—reflects only Plaintiff's monthly payments owed after leasing the car for 36 months. (*Id.*)

Next, Defendant calculates Plaintiff's mileage offset by (1) subtracting the Vehicle's mileage at the time of purchase from the Vehicle's mileage at the time of the first repair (6,994 miles – 6 miles); (2) dividing that amount by 120,000; and (3) multiplying that number by the Vehicle's purchase price, or $23,184. (*Id.* at 14.) Defendant alleges that the resulting mileage offset is $1,350.08. (*Id.*) After subtracting the mileage offset from the lease price, Defendant estimates Plaintiff's actual damages to be $21,833.92. (*Id.*)

Plaintiff argues both Defendant's actual damages and mileage offset calculations are too speculative. (Reply at 6-7.) Plaintiff argues that Defendant's actual damages estimate is speculative because Defendant failed to establish what Plaintiff actually paid under the Lease Contract. (*Id.* at 7 n.2.) Plaintiff also contends Defendant's mileage offset calculation fails because Defendant did not establish that this repair visit was the first time the Vehicle was delivered to the manufacturer or distributor for repairs. (*Id*. at 6-7.)

The court finds that Defendant did not sufficiently meet its burden as to actual damages. Under the Song-Beverly Act, a plaintiff may recover restitution in the "amount equal to the actual price paid or payable by the buyer," minus the "amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Here, Defendant did not adequately demonstrate the amount actually paid by Plaintiff but instead demonstrated the amount Plaintiff *should have* paid pursuant to their obligations under the 36-month Lease Contract. (Dkt. 1 at 5); *Vega v. FCA US LLC*, 2021 WL 3771795, at *3 (C.D. Cal. Aug. 25, 2021) (stating that under the statute a plaintiff's "price paid" when leasing a vehicle is what the plaintiff paid under the lease); *Ghayaisi v. Subaru of Am., Inc.*, 2020 WL 1140451, at *1 (C.D. Cal. Mar. 6, 2020) (granting remand because "Defendant presents no facts regarding how many payments were actually made on the installment contract."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (stating plaintiff's recovery should be limited "to payments actually made" in keeping with the logic and purpose of the Song-Beverly Act).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

Accordingly, Defendant has sufficiently not demonstrated the amount in controversy from actual damages by a preponderance of the evidence.  Because the court finds that Defendant did not adequately establish actual damages, the court does not address the mileage offset.[2]

### 2. Civil Penalties

Plaintiff may be entitled to a maximum civil penalty of two times the amount of actual damages if Defendant's violations were willful.  Cal. Civ. Code § 1794(c); *see also Aliyarzadeh v. FCA US LLC*, 2022 WL 500652, at * 2 (C.D. Cal. Feb. 18, 2022).  Defendant notes that the Complaint alleges Defendant acted "willfully" in violation of the Song-Beverly Act.  (Opp. at 14;) Cal. Civ. Code § 1794(c).  Defendant also notes that Plaintiff requested "a civil penalty in the amount of two times Plaintiff's actual damages" based on this willful violation.  (*Id.*; Compl. ¶ 16).  Thus, Defendant argues Plaintiff is entitled to the maximum civil penalty of two times actual damages, or $43,667.84.  (Opp. at 15.)  As a result, Defendant calculates Plaintiff's damages from actual damages and civil penalties to be $65,501.76 before attorney's fees or punitive damages.  (*Id.* at 16.)

Plaintiff counters that Defendant has not sufficiently demonstrated that Plaintiff is more likely than not to receive the maximum civil penalty of two times actual damages.  (Rep. at 3-4.)

Courts frequently treat the Song-Beverly Act's civil penalty as a form of punitive damages appropriately included in an amount in controversy calculation.  *See Mullin v. FCA*

---

[2] The court observes that Defendant alleged two different numbers for the Vehicle's mileage amount at the time of purchase when computing the mileage offset in its Notice of Removal and Opposition.  (*Compare* Dkt. 1, Mortenson Decl. ¶ 7, *with* Opp., Mortenson Decl. ¶ 7.)  Defendant does not address this discrepancy or alter the mileage offset accordingly.  (*See* Dkt. 1 at 5-6; Opp. at 13-14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS                                                                 Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

*US, LLC*, 2020 WL 25090801, at *4 (C.D. Cal. May 14, 2020); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action").

However, "[t]he civil penalty under California Civil Code § 1794 cannot simply be assumed." *Castillo*, 2019 WL 6607006, at *2. Instead, "the removing party 'must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty.'" *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (quoting *Zawaideh v. BMW of N. Am., LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018)); *Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) ("Courts do not include civil penalties in the jurisdictional analysis unless the removing defendant makes some showing regarding the possibility of civil damages.") (internal quotation marks omitted).

Here, the court concludes Defendant does not sufficiently demonstrate civil penalties by a preponderance of the evidence for two reasons.

First, the court finds that Defendant has made "no showing regarding the possibility of civil damages." *Savall*, 2021 WL 1661051, at *3. Instead, Defendant merely echoes Plaintiff's allegations of willfulness in the Complaint and alleges that Plaintiff seeks the maximum civil penalty. (*See* Opp. at 15-16.) Numerous district courts have held that defendants must make a more substantial showing to include civil penalties in the amount in controversy. *See Pennon*, 2022 WL 2208578, at *2 (rejecting inclusion of civil penalties in amount in controversy because defendant relied entirely on a conclusory allegation in the complaint); *Melendez v. Subaru of Am., Inc.*, 2021 WL 1929539, at *2 (C.D. Cal. May 13, 2021) (excluding civil penalties from amount in controversy because defendant "cites no allegations or evidence suggesting the type of willfulness to justify civil penalties"); *Echemendia v. Subaru of Am., Inc.*, 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020) (rejecting defendant's inclusion of maximum civil penalties based solely on the allegations in the complaint); *Sanchez v. Ford Motor Co.*, 2018 WL 6787354, at *2 (C.D. Cal. Dec. 4, 2018) (remanding because defendant

10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS                                                    Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

did not offer evidence to support civil penalties); *Savall*, 2021 WL 1661051, at *3 (collecting cases).

Second, Defendant's "lack of evidence supporting civil penalties is compounded by the uncertainty of actual damages." *Melendez*, 2021 WL 1929539, at *2; *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty. Accordingly, the Court cannot determine the amount of any potential civil penalty either."); *Aliyarzadeh*, 2022 WL 600652, at *3 ("[B]ecause [defendant] failed to establish actual damages beyond speculation, [defendant] fails to show the proper measure of the civil penalty."). Thus, the court does not consider any civil penalties when determining the amount in controversy.

### 3. Attorney's Fees

Defendant alleges that Plaintiff may seek at least $50,000 in attorney's fees based on other cases involving Plaintiff's counsel. (Opp. at 17.) Defendant also analogizes specifically to *Chism v. FCA US LLC*, where Plaintiff's counsel sought $42,367 in attorney's fees after a motion to compel arbitration and a motion to remand. (*Id.*) *See also Chism v. FCA US LLC*, 2021 WL 1181744, at *1 (C.D. Cal. Feb. 16, 2021).

"A court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. In the Song-Beverly context, a defendant can establish attorney's fees by a preponderance of the evidence by citing to specific examples of attorney's fees that plaintiffs have sought in analogous lemon law cases. *See Schneider*, 441 F.Supp.3d at 914 (rejecting attorney's fees estimates because defendants did not "compare or contrast the litigation strategies or the litigation timelines of the two cases.").

Here, Defendant has sufficiently met its burden as to attorney's fees by providing an analogous example of a Song-Beverly Act case with a comparable litigation history in which Plaintiff's counsel sought $40,000 in attorney's fees. (Opp. at 17.) *See also Chism*, 2021 WL 1181744, at *1. However, because Defendant did not sufficiently demonstrate actual damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-01655-FWS-ADS            Date: June 30, 2022
Title: Luz H. Guzman v. Ford Motor Co., Does 1 through 10, inclusive

and civil penalties, the additional amount from attorney's fees alone is still insufficient to meet the jurisdictional threshold of $75,000. *See Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021) ("Without more, [defendant] has failed to provide the court with specific evidence showing that the attorneys' fees in this case would bring the total amount in controversy above $75,000.").

### 4. Punitive Damages

Finally, Defendant alleges that Plaintiff may receive up to ten times the amount of compensatory damages based on Plaintiff's fraud by omission claim. (Opp. at 19). Defendant points to Plaintiff's allegation that Defendant knew of a transmission defect before it sold her the Vehicle. (*Id.*)

A plaintiff may recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). However, as Defendant notes, the defendant must prove "it is reasonably possible that it may be liable for the proffered punitive damages amount." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). Here, because Defendant did not establish actual damages by a preponderance of the evidence, the court finds Defendant's estimate of punitive damages too speculative to include in the amount in controversy. *See, e.g.*, *Guzetta*, 2022 WL 1044173, at *7 ("[W]here actual damages are uncertain, any calculation of punitive damages would be speculative.").

### IV. Disposition

For the reasons set forth above, the Motion is **GRANTED**. This action will be remanded to state court forthwith.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: mku